UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | No. 14-154 |
| RICKY MARQUETTE BOZEMAN | SECTION: "J" (1) |

## ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 800)** filed by Defendant, Ricky Marquette Bozeman, and an opposition thereto (Rec. Doc. 814) filed by the Government. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On May 28, 2015, Defendant pleaded guilty to a bill of information related to conspiring to distribute and possess with intent to distribute 100 grams or more of heroin. (Rec. Doc. 261). Subsequently, this Court sentenced Defendant to 144 months of imprisonment. The defendant has served 74 months of that sentence and is currently housed at Beaumont Low FCI with a projected release date of May 21, 2026. On August 12, 2020, the Court received Defendant's motion for compassionate release seeking relief under 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

As an antecedent matter, it is undisputed that Defendant has satisfied the procedural requirements necessary to bring a compassionate release motion on his

own behalf. § 3582(c)(1)(A). Because Defendant's motion for compassionate release is properly before the Court, the Court must determine whether Defendant has met his burden of proving he is entitled to a sentence reduction under § 3582(c)(1)(A). *See United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016) (the movant bears the burden of proving he is entitled to a sentence reduction). A defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[he] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. These requirements derive from the Sentencing Commission's Policy Statement ("Policy Statement") on sentencing reductions under § 3582(c)(1)(A).

The Policy Statement further clarifies that "extraordinary and compelling reasons" encompasses only small, specific sets of circumstances. U.S.S.G. § 1B1.13, cmt. n.1(A). Namely, there are three recognized circumstances that may facilitate an inmate's early release: "(a) 'a medical condition'—specifically, 'a terminal illness' or a condition that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover'; (b) 'age'—starting at age 65; and (c) 'family circumstances.'" *United States v. Calogero*, No. 18-203, at 4-5 (citation omitted).[1]

---

[1] The Court notes that there is some dispute over whether the Sentencing Commission's Policy Statement remains binding in light of the statutory changes enacted by the First Step Act. *See Dillon v. United States,* 560 U.S. 817, 830 (2010) (holding that the Policy Statement is binding when evaluating sentence reduction requests under Section 3582); *cf. United States v. Perdigao*, No. 2:07-cr-00103 (E.D. La. Apr. 2, 2020) (Doc. No. 237 at 5) (finding that the policy statement is no longer dispositive). The Court finds it is not necessary to decide this issue at this time, as at the very least the Policy Statement remains instructive. *See United States v. LeBlanc,* 2020 WL 2331690 (E.D. La. May 11, 2020); *Perdigao*, No. 07-cr-103 (although not dispositive, the Policy Statement remains instructive.).

Defendant does not provide evidence, nor does he argue, that he fits into any established category that would ordinarily entitle him to compassionate release. Rather, Defendant argues that the risk of contracting COVID-19 while incarcerated, combined with his medical issues, is sufficient to meet the standard for compassionate release. Specifically, Defendant alleges he suffers from "high cholesterol" and "hypertension," which put him at a higher risk for severe illness if infected with COVID-19. (Rec. Doc. 800, at p. 5).

The Center for Disease Control ("CDC") has issued two lists identifying risk factors for severe illness if a person was infected with COVID-19. The first CDC list identifies diseases that definitively entail a greater risk of severe illness.[2] The government concedes that an inmate who proves that he suffers from a chronic condition on this "definitive risk factor" CDC list has established an extraordinary and compelling reason to grant compassionate release. (Rec. Doc. 814, at p. 11).

The second CDC list identifies risk factors that "might" increase the risk of severe illness if a person was infected with COVID-19.[3] The government argues that a risk factor included on this second list is not an "extraordinary and compelling reason" to grant compassionate release, due to the CDC's lack of certainty regarding the risk associated with illnesses on this second list. (Rec. Doc. 814, at pp. 11-12).

---

[2] CDC, *People with Certain Medical Conditions*, (September 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/people-with-medical-conditions.html.
[3] CDC, *People with Certain Medical Conditions*, (September 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/people-with-medical-conditions.html.

High cholesterol is not listed on either of the CDC's COVID-19 risk factor lists, but hypertension is included on the CDC's second list as a <u>possible</u> risk factor.

As stated above, Defendant has the burden of establishing "extraordinary and compelling" circumstances. Defendant has failed to include any medical evidence to support his claim that he has hypertension or high cholesterol beyond his mere assertions that he suffers from these conditions. Furthermore, although Defendant's alleged hypertension "might" be a risk factor according to the CDC, the burden remains on Defendant to prove that this risk factor is an "extraordinary and compelling" circumstance that warrants his release. The mere assertion that an inmate has a risk factor that the CDC claims "might" increase the risk of severe illness if exposed to COVID-19, without any supporting evidence of the existence and severity of the particular inmate's condition, is insufficient to carry an inmate's burden of demonstrating "extraordinary and compelling circumstances" that warrant compassionate release. Defendant has failed to provide any evidence of the existence or severity of his hypertension; therefore, Defendant has failed to meet his burden, and his motion for compassionate release must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate Release* **(Rec. Doc. 800)** is **DENIED**.

New Orleans, Louisiana, this 29th day of September, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE